Kinnier v City of Long Beach

2026 NY Slip Op 03296

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Suzanne Kinnier, appellant,

v

City of Long Beach, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-07240, (Index No. 600990/23)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Hackett Law P.C., Garden City, NY (Patrick J. Hackett of counsel), for appellant.

Frank Dikranis, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered June 19, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with costs.

In January 2023, the plaintiff commenced this action against the defendant to recover damages for personal injuries that she alleged she sustained in June 2022 when she tripped and fell on a bolt protruding from the post of a parking sign located in a grassy median owned by the defendant. The defendant moved for summary judgment dismissing the complaint on the ground that it did not have prior written notice of the defect. The plaintiff opposed. In an order entered June 19, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.

"When a municipality has adopted a prior written notice law, the municipality cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies. Where such a local law is in effect, prior written notice of a defective condition is a condition precedent to maintaining an action against a municipality" (Walker v City of Newburgh, 222 AD3d 809, 810 [citation, alteration, and internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 473-476). "To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect. Once that showing is made, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Canaday v Village of Wappingers Falls, 220 AD3d 731, 732 [citation and internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d 726, 728). "The affirmative negligence exception is limited to work done by a municipality 'that immediately results in the existence of a dangerous condition'" (Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871, quoting Oboler v City of New York, 8 NY3d 888, 889).

Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by proffering an affidavit of its Commissioner of Public Works, in [*2]which he averred that he had conducted a records search and found no records indicating that the City had received prior written notice of the alleged defect which caused the plaintiff's fall (see Chirco v City of Long Beach, 106 AD3d 941, 942; Hirasawa v City of Long Beach, 57 AD3d 846, 848). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant had prior written notice of the alleged defect or affirmatively created the alleged defect (see Canaday v Village of Wappingers Falls, 220 AD3d at 732; Hirasawa v City of Long Beach, 57 AD3d at 848).

The plaintiff's remaining contention is improperly raised for the first time on appeal (see Amabile v City of Buffalo, 93 NY2d at 472; Goodman v City of New York, 230 AD3d 1115).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court